UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

MARKO STASIV,

                         Movant,                                  <u>ORDER</u>

        -against-                                    23-cv-41 (PKC)

UNITED STATES OF AMERICA,

                       Respondent.

-----------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                       18-cr-259 (PKC)

        -against-

MARKO STASIV,

                       Defendant.
-----------------------------------------------------------------x

CASTEL, U.S.D.J.

        On January 3, 2023, Marko Stasiv moved to vacate, set aside, or correct the

sentence imposed upon him in 2019. (ECF 346.)  28 U.S.C. § 2255. In an Opinion and Order

filed on April 24, 2024, the Court denied the motion. (ECF 371.)  Stasiv did not move to

reconsider the denial nor did he appeal the denial. The relief he now seeks, reopening of the

section 2255 motion and the issuance of subpoenas in support of a yet-to-be filed and untimely

motion to reconsider will be denied. In the exercise of discretion, the Court will decline to

transfer the motions to the Court of Appeals as a second or successive section 2255 motion.

        Following a jury trial in which Stasiv represented himself, he was convicted on

three counts: 1) conspiracy to commit bank fraud and wire fraud, in violation of 18 U.S.C. §

1349 (Count I); 2) wire fraud, in violation of 18 U.S.C. § 1343 (Count II), and 3) aggravated

identity theft, in violation of 18 U.S.C. § 1028A(c) (Count V). (ECF 261.)

Stasiv appealed, arguing that the government presented insufficient evidence to

sustain his conviction for conspiracy to commit bank fraud and wire fraud (Count I) and that this

Court erred in denying his motion for a new trial. (2d Cir. Oct. 20, 2021). The Second Circuit

affirmed. (Id. at *3).

Stasiv now moves to reopen "it's judgement pursuant to his &2255 petition [sic]"

and seeks the issuance of subpoenas in support of a motion to reconsider the denial of his section

2255 motion. The subpoenas are directed to banking institutions and in support of a claim that

the government failed to offer evidence that the banks suffered a financial loss as a result of the

fraud.

The claim that he now describes---and for which he seeks discovery-- could have

been raised on direct appeal and either was not raised or was raised and rejected. [1] It does not

appear to have been raised in Stasiv's lengthy section 2255 motion.

The present motion is best understood as an attempt to secure discovery in aid of

a second or successive section 2255 motion. Discovery in aid of an unasserted section 2255

claim is not permissible. If Stasiv wishes to pursue a second or successive 2255 motion, he first

must obtain permission from a panel of the United States Court of Appeals. 28 U.S.C. §

2255(h). Because of the lack of merit of the proposed new claim and because there is no

asserted claim to which the proposed discovery could attach, the Court declines to transfer his

motions to the Court of Appeals.

---

[1] There were two objects to the charged conspiracy bank fraud and wire fraud. As the Second Circuit noted in its affirmance, a conviction will be upheld if there was sufficient evidence on either object and there was ample evidence of defendant's participation with others in the wire fraud scheme. United States v. Stasiv, No. 19-4286, 2021 WL 4888865, at *3.

The Court has considered the entirety of Stasiv's arguments and finds them to be without merit. His motions to reopen and for the issuance of subpoenas in support of reconsideration of the denial of his section 2255 motion are DENIED.

The Clerk is directed to terminate the motions (ECF 374 in 18-cr-259 and ECF 15, 16 & 17 in 23-cv-41.)

Stasiv has not made a substantial showing of the denial of a constitutional right, and accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Blackman v. Ercole, 661 F.3d 161, 163-64 (2d Cir. 2011). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
February 12, 2025